IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>TIMOTHY MICHAEL TAYLOR and<br>BRITTNEY WILSON TAYLOR,<br><br>Debtors | * Bankruptcy Case No. 10-42092-MGD<br>*<br>*<br>*<br>* Adversary Case No.<br>* |
| TIMOTHY MICHAEL TAYLOR and<br>BRITTNEY WILSON TAYLOR,<br><br>Plaintiffs<br><br>vs.<br><br>WELLS FARGO & COMPANY<br>SUCCESSOR TO WACHOVIA BANK, N.A.<br>BY MERGER<br><br>Defendant | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**Complaint of the Debtors Pursuant to 11 U.S.C. Section 506(a)
and Bankruptcy Rule 3012 to Determine the Value of
Security and Creditor's Allowed Secured Claim**

Introduction

This is an action brought by the Plaintiffs pursuant to 11 U.S.C. Section 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the interest of the Defendant in the residential real estate of the debtors and determine the amount of the allowed secured claim of the Defendant.

Jurisdiction

1. The Plaintiffs allege that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

2. The Plaintiffs further allege that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and other applicable federal law.

The Base Case and Parties

3. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on May 26, 2010.

4. An Order for Relief under the provisions of Chapter 13 of Title 11 of the United States Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of Title 11 of the United States Code.

5. The 341(a) meeting of creditors was scheduled for June 26, 2010, in Rome, Georgia.

6.  The Defendant is an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act), and may be served with a summons and this Complaint in accordance with Bankruptcy Rule 7004(h).

7.  Pursuant to Bankruptcy Rule 7004(h), service of process may be effectuated by certified mail to an officer of the Defendant.

Factual Allegations

8.  In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of WELLS FARGO AND COMPANY successor to WACHOVIA BANK, N.A. by merger (hereinafter also referred to as "Defendant") for the second deed of trust on the residential real estate of the debtors located at 27 Mountain Trail Ct., Cartersville, Georgia, 30120 (hereinafter also referred to as "the residence"). The debtors believed and therefore alleged in their petition and schedules that there was no equity in their residential real estate to which the second mortgage could secure at the time that the loans were made and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

9.  The Plaintiffs allege that at the time they filed their bankruptcy petition and at the present time the value of their interest in the said residential real estate was and is $122,000.00 or less. Attached to this complaint as "EXHIBIT A" is an appraisal report obtained from www.zillow.com reflecting a fair market value of $122,000.00 as of July 7, 2010. The value of the residence can also be found at http://www.zillow.com/homedetails/27-Mountain-Trail-Ct-

SW-Cartersville-GA-30120/14099812_zpid/. Due to local market conditions, the debtors believe the property is actually worth less than $122,000.00 as estimated by Zillow.

10. The Plaintiffs' interest in the residence is subject to a first lien arising out of a mortgage in favor of WELLS FARGO AND COMPANY successor to WACHOVIA BANK, N.A. by merger in the amount of $131,137.00.

11. The Plaintiffs' interest in the residence is subject to a second lien arising out of a mortgage in favor the Defendant in the amount of $26,462.00.

12. The lien securing the second mortgage of the Defendant is junior to the first mortgage listed above as owing to WELLS FARGO AND COMPANY successor to WACHOVIA BANK, N.A. by merger.

13. The Plaintiffs allege that there is no equity in the residence, and therefore the Defendant has no secured interest for the loan secured by the second deed of trust on the residence.

14. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

15. Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim.

WHEREFORE, the Plaintiffs respectfully pray of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second deed of trust on the residence of the Debtors;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtors pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtors within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D. That the attorney for the Plaintiffs be awarded reasonable legal fees in the event the Defendant unsuccessfully contests the allegations contained in this Complaint;

E. That the Plaintiffs recover their costs and expenses from the Defendant; and

F. That the Plaintiffs have such other and further relief as to the Court may seem just and proper.

Dated, this the 8th day of July 2010.

Respectfully Submitted,

By: /s/ BRIAN R. CAHN
BRIAN R. CAHN
Attorney for Debtors/Plaintiffs
GA STATE BAR # 101965
brc@perrottalaw.com

PERROTTA, CAHN & PRIETO, P.C.
The Historic Bradley Building
5. South Public Square
Cartersville, GA 30120
(770) 382-8900